IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONYA GAY GREENE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action 19-99 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Sonya Gay Greene ("Greene") applied for a period of disability and disability insurance benefits ("DIB") in January 2016. (R. 15) She alleged an onset of disability beginning on June 26, 2015. (R. 15) She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ"), during which she, her husband and a vocational expert ("VE") testified. (R. 15) Ultimately, the ALJ denied benefits. Greene subsequently filed a Request for Review with the Appeals Council. The Appeals Council denied the request for review. She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 8 and 10.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is

1

based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are

supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Greene has not engaged in substantial gainful activity since the alleged onset date. (R. 17) At step two, the ALJ concluded that Greene suffers from the following severe impairments: breast cancer status post lumpectomy, radiation, and chemotherapy; anxiety; depression; and cognitive symptoms secondary to cancer and treatment. (R. 17-18) At step three, the ALJ determined that Greene did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18-20) Between steps three and four, the ALJ decided that Greene had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 20-23) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Greene's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she can perform. (R. 24-25)

III. Discussion

A claimant's RFC consists of "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2010), quoting, *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations,

and description of his / her limitations. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ. *Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). In crafting the RFC, the ALJ must include only the claimant's "credibly established limitations," not all the limitations alleged by the claimant. *See Rutherford v. Barnhart*, 399 F.3d 54, 554 (3d Cir. 2005).

Greene challenges the ALJ's formulation of the RFC, particularly in how the ALJ assessed the medical opinions relating to her mental health.[1] Specifically, Greene urges that the ALJ failed to accord proper weight to the opinions proffered by Dr. Marchioli and Dr. Bridgman. To determine the weight of a treating physician's opinion, the ALJ may consider a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. § 404.1527. However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may chose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). Additionally, opinions proffered by state agency medical and psychological consultants merit significant consideration as well because they are considered experts in the Social Security disability programs. *Chandler*, 667 F.3d at 361, *citing*, 20 C.F.R. §§ 404.1527(f), 416.927(f).

Here, in finding that Greene had the RFC to perform light work with certain limitations, the ALJ gave "limited weight" to the opinion offered by Dr. Marchioli, Greene's medical oncologist, and "some weight" to the opinion offered by Dr. Bridgman,

---

[1] Greene makes no mention of her physical impairments. Consequently, I limit my discussion to the issue of Greene's mental impairments.

who performed a neuropsychological evaluation of Greene. Greene contends that the ALJ failed to provide "good/specific/supported reasons" for the weight accorded Marchioli's and Bridgman's opinions. I disagree.

In a lengthy opinion, the ALJ made clear that he considered all of the pertinent medical records. He recognized Dr. Marchioli's specialty as an oncologist and Dr. Bridgman's expertise in neuropsychology.  The ALJ explained that he discounted Marchioli's opinion regarding Greene's mental impairments because "Dr. Marchioli is a medical oncologist; he does not treat mental health issues." (R. 23) Marchioli authored a letter in which he states that Greene "has been experiencing progressive memory loss, debilitating fatigue, forgetfulness and headaches." (R. 817) He then states, "[i]t is my professional opinion that Mrs. Greene is unable to work due to chronic debilitating fatigue and concentration issues." (R. 817) However, the ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide and an ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." See Dixon v. Comm'r. of Soc. Sec., 183 Fed. Appx. 248, 251-52 (3d Cir. 2006). Consequently, the ALJ did not err in his assignment of weight to Dr. Marchioli's opinion.

Nor did the ALJ err in assessing Dr. Bridgman's opinion. The ALJ thoroughly discussed Bridgman's findings and explained why he accorded the findings only "some weight." Specifically, the ALJ explained that the "report provides a vague description of cognitive deficits allegedly caused by the cancer and cancer treatments." (R. 22) He further noted that Greene's performance on some of the tests was "questionable," and suggested that "the test results may be a slight underestimation of her true level of

5

cognitive capacity." (R. 21) In addition, Bridgman's report indicating that Greene has an IQ of 72 is, the ALJ concluded, inconsistent with her "long record of successful work as a therapeutic staff support worker with autistic children for many years." (R. 22) The ALJ also found these results to be inconsistent with Greene's current fundraising work on behalf of the foundation she and her husband started called the Clearfield County Cancer Support Group. The ALJ considered Bridgman's recommendation against Greene's return to her "previous type / level of occupational activities" because doing so would involve an increase in cognitive mistakes thereby worsening her anxiety. (R. 23, 826) Ultimately, the ALJ found "very persuasive," Bridgman's opinion that Greene's condition would be expected to improve with individual psychotherapy and rehabilitation. (R. 23, 826) Consequently, he relied upon this portion of the opinion in concluding that Greene "retains the residual ability to perform unskilled work." (R. 23)

Greene's argument is simply a disagreement with the ALJ's evaluation of the evidence. She cites to evidence in support of her claim for disability. The standard, however, is not whether there is evidence to establish her position but whether there is substantial evidence to support the ALJ's findings. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989) "Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance." *Hundley v. Colvin*, Civ. No. 16-153, 2016 WL 6647913, at * 2 (W.D. Pa. Nov. 10, 2016), *citing, Jesurum v. Sec'y. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). Because substantial evidence supports the ALJ's findings, there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONYA GAY GREENE )<br>    Plaintiff, )<br>  -vs- )<br>      )<br>ANDREW M. SAUL, )<br>      )<br>    Defendant. ) | Civil Action No. 19-99 |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 30th day of April, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 10) is GRANTED and the Motion for Summary Judgment (Docket No. 8) is DENIED. It is further ORDERED that the Clerk of Courts mark this case "Closed" forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge